## Mose Novich v. Trinity & Brazos Valley Railway Company.

Decided March 30, 1907.

**1.—Railroad—Damage to Property.**

Where property is damaged by the construction and operation of a railway the owner of the property is entitled to compensation, though the operation of the railway is done in a lawful manner, the measure of damage being the depreciation in the market value of the property. If there is no depreciation in the value of the property no damage is recoverable, unless the business is improperly or negligently conducted.

**2.—Same.**

The owner may recover for damage to his property by the construction and operation of a railroad, although no part of the property is actually taken.

**3.—Same—Constitution Construed.**

Section 17 of article 1 of the Constitution contemplates that whenever the land of a person is damaged by the construction of a railroad, whether any part of it is taken or not, he is entitled to compensation for such damage.

Appeal from the County Court of Hill County. Tried below before Hon. N. J. Smith.

*Tom Ivy,* for appellant.—Where a railway company constructs its road near the premises (i. e. residence property) of a person and operates its trains over such road, and causes smoke, cinders and dust incident to the operating of such trains, to escape from such trains upon and into such residence and thereby diminishes the market value of such premises, such owner has a legal right to the damages thus caused to his property, notwithstanding the road was not constructed on any part of his premises. Gainesville, H. & W. Ry. Co. v. Hall, 78 Texas, 169; Dallas, C. & S. W. Ry. Co. v. Langston, 17 Texas Ct. Rep., 316; Dennis v. Dallas, C. & S. W. Ry. Co., 16 Texas Ct. Rep., 166; Rosenthal v. Taylor, B. & H. Ry. Co., 79 Texas, 325; Texas Short Line Ry. Co. v. Clifford, 15 Texas Ct. Rep., 804; Railway Company v. Robson, 24 S. W. Rep., 37; Houston & T. C. Ry. Co. v. Davis, 17 Texas Ct. Rep., 662.

*Morrow & Smithdeal,* for appellee.—The evidence showing that the property of appellant was not touched by the railroad; that none of it was taken, and that the railroad did not run along any public street or highway by said premises, and the evidence failing to show that the railroad was conducted in such a manner as to constitute a nuisance, it was proper for the court to instruct a verdict for appellee. St. Louis, S. F. & T. Ry. Co. v. Shaw, 92 S. W. Rep., 30; Beseman v. Pennsylvania Ry., 50 N. J. Law, 241, 13 Atl. Rep., 164; Gainesville, H. & W. Ry. v. Hall, 78 Texas, 170.

RAINEY, Chief Justice.—Appellant brought this suit to recover of the railway company damages caused to his property, alleging in substance that appellee constructed its railway track on land adjoining plaintiff's and near plaintiff's residence in the town of Hillsboro, over which track defendant operates its train, and causes vibrations, noises,

smoke, cinders, noxious vapors, etc., which depreciate the value of said premises. Defendant answered by general denial. The court peremptorily instructed a verdict for defendant, which was accordingly returned and judgment entered for defendant, and plaintiff appeals.

The plaintiff offered to prove on the trial that the vibrations, noises, smoke, etc., produced by the operation of defendant's trains came upon and into his house causing annoyance and discomfort, which depreciated the value of said property. The testimony as to the market value of the premises was excluded by the court, which action was excepted to. We presume the trial court was of the opinion that as none of plaintiff's land was taken by the railway company, as the railway was not constructed along a street on which plaintiff's premises abutted, and as the vibrations, noises, smoke, etc., were produced by a lawful operation of the trains, no recovery could be had, though such operation depreciated the market value of said premises.

We do not think this the law of the case. Article 1, section 17 of the Constitution provides that, "No person's property shall be taken, damaged, or destroyed for or applied to a public use without adequate compensation made, unless by consent of such person." This provision contemplates that whenever land of a person is damaged by the construction of a railroad he is entitled to compensation for such damages. It is lawful for a railway to be constructed and operated, but notwithstanding it may be lawful to construct and operate a railway, yet the law provides compensation to the owner for the damage done to his property by such construction and operation. The law does not limit a recovery to property taken, nor to damages caused by running over property, but is broad enough to embrace any damage done to premises. In construing this provision of the Constitution our Supreme Court, speaking through Mr. Gaines in Gainesville, H. & W. Ry. Co. v. Hall, 78 Texas, 169, say: "We think that the insertion of the words 'damaged or destroyed' in the provision of the Constitution under consideration was at all events intended to obviate any question of exemption from liability to the owner for property injuriously affected by a public work, and to provide a remedy for any damage which in such cases the Legislature might authorize to be inflicted. It is sufficient for the determination of this case to say that it was certainly intended that the Legislature should not authorize a corporation to do an act for a public use which if done by an individual without legislative sanction would be actionable, and at the same time exempt it from liability to respond in damages to the owner whose property had been injured." We see no appreciable difference between the facts in that case and the facts in the case at bar. A recovery was sustained in that case.

The case of St. Louis, S. F. & T. Ry. Co. v. Shaw, 92 S. W. Rep., 30, is cited by appellee in support of the proposition that no recovery can be had in this case, though depreciation in the market value of the property be shown. We do not think that case in the least conflicts with the Hall case, but believe it is in strict harmony therewith. The facts in the Shaw case are not dissimilar to the facts here. The jury in the Shaw case found that there was no depreciation caused to plaintiff's premises, but found for plaintiff the sum of $212.50 for personal discomfort. Judge Williams in concluding the opinion says, "The judg-

ment in favor of plaintiff must therefore be reversed, and as the evidence is clear and conclusive that there was no negligence in the carrying on of defendant's business, and as the jury has found that plaintiff's property has not been damaged, judgment will be rendered in favor of defendant." The judgment of the Supreme Court in the Shaw case was predicated on the fact that no damage was done to the premises and no negligence was shown in carrying on the business. Had depreciation been shown to the market value of the property, we think the judgment would have been different. In this case the court erred in excluding the testimony as to the market value of the land.

The rule, as announced by our decisions, as we understand it, is that where property is damaged by the construction and operation of a railway the owner is entitled to compensation, although the operation is done in a lawful manner, the measure of damage being the depreciation in the market value of the property. If there is no depreciation in the value of the property no damage is recoverable, unless the business is improperly or negligently conducted, that is, in such a case as this, if more noise, dust, cinders, odors, etc., are produced than would necessarily attend such operation properly conducted, then the party could recover for annoyance, discomfort, etc. The judgment is reversed and cause remanded.

*Reversed and remanded.*