ST. LOUIS, B. & M. RY. CO. et al. v. BARNES.

(Court of Civil Appeals of Texas. San Antonio. Jan. 7, 1914.)

1. EMINENT DOMAIN (§ 271*)—ENTRY WITHOUT CONDEMNATION—DAMAGES.

Under Rev. Civ. St. 1911, art. 6505, providing that no railroad company shall enter upon any private real estate for the purpose of condemning it, or any material thereon for any purpose whatever, until it shall agree with and pay the owner thereof all damages that may be caused to the lands and property of the owner by the condemnation thereof, and by the construction of the road, a railroad company unlawfully appropriating property without a resort to condemnation is a trespasser, and the owner may recover, not only compensation for the land, but damages for any special injuries or expenses to which he is subjected, including damages to adjoining land by the operation of trains over the portion appropriated, article 6518, under which in case of condemnation the damages are the value of the property and the damages sustained by the owner, less any benefits accruing to the remainder of the property, not applying in such a case.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 725–736, 741; Dec. Dig. § 271.*]

2. EMINENT DOMAIN (§ 243*)—OPERATION AND EFFECT.

Where land is condemned in the statutory manner for a railroad, the company cannot be held liable for any inconveniences or discomforts arising from the proper operation of such trains; as the presumption prevails that full compensation has been given the owner of the land.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 551, 627–629, 700; Dec. Dig. § 243.*]

3. EMINENT DOMAIN (§ 271*)—ENTRY WITHOUT CONDEMNATION—DAMAGES.

Where land is appropriated for a railroad without condemnation, it is not essential to a recovery of damages to adjoining land from the operation of trains that the tracks were negligently constructed or the trains negligently operated.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 725–736, 741; Dec. Dig. § 271.*]

4. EMINENT DOMAIN (§ 285*)—ENTRY WITHOUT CONDEMNATION—LIABILITY.

Where two railroad companies both trespassed on land and operated trains thereon, they were liable as joint tort-feasors for the value of the land and damages to adjoining land from the operation of trains.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. § 791; Dec. Dig. § 285.*]

5. APPEAL AND ERROR (§ 1048*)—HARMLESS ERROR—RULINGS ON EVIDENCE.

The overruling of an objection to a question was not prejudicial where it did not elicit the answer anticipated, but a nonresponsive answer to which the objection made to the question could not apply, and to which no objection was urged.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4140–4145, 4151, 4158–4160; Dec. Dig. § 1048.*]

6. EMINENT DOMAIN (§ 296*)—ASSESSMENT OF DAMAGES—EVIDENCE.

In an action by an owner of land appropriated for a railroad without condemnation, to recover the full value of the land taken and damages to adjoining land from the operation of the railroad, where the owner stated that the property was worth $1,500 less after the construction of the track than before, it was not error to allow him to state that the land taken was worth $500, and that the other land was damaged $1,000.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 804–806; Dec. Dig. § 296.*]

Appeal from District Court, Hidalgo County; W. B. Hopkins, Judge.

Action by C. L. Barnes against the St. Louis, Brownsville & Mexico Railway Company and another. Judgment for plaintiff, and defendants appeal. Affirmed.

Claude Pollard, of Kingsville, and Morrison & Robards, of San Benito, for appellants. Brown & Strickland, of Mission, for appellee.

FLY, C. J. This suit was tried on an amended petition filed by appellee, charging two railroad companies with having entered upon and appropriated a part of lot 3 in block 147 in the town of Mission, Hidalgo county, and praying for $500 damages for the land appropriated, and damages, in the sum of $1,000, to the other property "by reason of the noise, smoke, dust, vibrations, and noxious gases caused by the operation of defendant's trains aforesaid." The cause was tried by jury, and resulted in a verdict and judgment for $750.00.

The evidence reasonably shows that lot 3 in block 147, in the town of Mission, was the property of appellee, and that appellants unlawfully entered upon and appropriated a portion of it. It was also shown that the operation of appellants' trains over the track laid on appellee's land without his consent, and without compensation to him, had damaged the remaining land owned by him, which he was using as a homestead.

[1] The measure of damages laid down by article 6518, Revised Statutes, 1911, when land is taken by a railroad company by due process of law is the value of the property and the damages that will be sustained by the owner, less any benefits that may accrue to the remainder of the property, but in case of the forcible entry upon and appropriation of land without a resort to statutory methods, a different measure of damages prevails. In the latter case the railroad company is a trespasser, acting in defiance of law, which provides that "no railroad company shall enter upon, except for a lineal survey, any real estate whatever, the same being private property, for the purpose of taking and condemning the same, or any material thereon, for any purpose whatever until said company shall agree with and pay the owner thereof all damages that may be caused to the lands and property of said owner by the condemnation of said real estate and property, and by the construction of such road."

When such unlawful appropriation of property is made the owner of the land can recover, not only compensation for his land, but damages for any special injuries or expenses to which he is subjected. Railway v. Matthews, 60 Tex. 215.

[2] In a case in which the land has been condemned in the statutory manner, the presumption prevails that full compensation has been given the owner of the land, and he cannot recover any damages arising from the proper careful operation of the railroad. The railroad company in the condemnation proceedings has paid for and secured the right to operate its trains over the land, and cannot be held liable for any inconveniences or discomforts arising from the proper operation of such trains. This is what was held in Railway v. Shaw, 99 Tex. 559, 92 S. W. 30, 6 L. R. A. (N. S.) 1245, 122 Am. St. Rep. 663, and the other cases cited by appellants.

If the land adjoining that appropriated by the railroad companies was damaged by the operation of the trains over the portion appropriated, appellee should recover that damage. Grossman v. Railway Co., 99 Tex. 641, 92 S. W. 836; Hutcheson v. Railway, 102 Tex. 471, 119 S. W. 85; Novich v. Railway, 45 Tex. Civ. App. 664, 101 S. W. 476.

[3] The court submitted nothing to the jury except as to whether appellants had appropriated land belonging to appellee, and whether such appropriation and the operation of trains on the land had damaged appellee. The charge is not open to the objections urged against it by appellants. They are seeking to have the same rules applied to a case of trespass as to a case of legal condemnation. Appellee was not called upon to allege that the tracks on the land taken from him were negligently constructed, or that the trains were negligently handled thereon. The facts in the case of Railway v. Mapes, 156 S. W. 528, are easily differentiated from the facts in this case. Mrs. Mapes lived on a street along which the railroad company had obtained the right of way. She sued to recover damages arising from discomfort entailed by the operation of the railway. She introduced no evidence to show that the market value of her property depreciated by the construction and operation of the track. The railroad company showed that her property had been enhanced in value. In this case appellants forcibly took the land of appellee and constructed a track and operated trains thereon, which were shown to have depreciated the value of appellee's property. The facts in no case cited by appellants are similar to the facts in this case.

The special charges, the rejection of which is complained of in the second and third assignments, had no application to the pleadings and proof. Appellee did not seek to recover damages arising from the operation of trains in the street, but for damages arising from the trespass upon his property and the operation of trains thereon.

[4] Appellants were shown to be joint tort-feasors, and the verdict and judgment were properly rendered against both. Both of them trespassed on the land; both of them operated trains thereon. The fourth assignment of error is therefore overruled.

The court confined the damages to the trespass upon the property and damages resulting from such trespass, and the allegations, if improper, which were assailed in the third special exception could not possibly have injured appellants. The fifth assignment is overruled.

[5] The following testimony of appellee as to his damages was objected to by appellants, no reason being given for the objection: "It has evidently caused me considerable damages, running on my property and taking a strip thereof about 40 feet by 126 feet. I have been damaged more by damage to my property. I have been damaged there by the railroad running into a strip of my property 40 feet wide and about 126 feet long, and it cuts off so close to my dwelling house that it makes it very inconvenient and undesirable as a residence, because of the noises and inconvenience of trains backing into the spur at all times of the day and night with dust and smoke." The answer was not responsive to the question asked, which was objected to on grounds which could not apply to the answer, against which no objection was urged. Asking the question could not have injured appellants because it did not elicit the answer anticipated by appellants.

[6] Appellants seek to group assignments assailing certain evidence distinct and separate, and have a proposition thereunder which is complex and multifarious. We have considered the assignment as to the testimony hereinbefore quoted, and overrule the other as being without merit. Appellee stated that his property was worth $1,500 less after the side track was erected than before, and it was not error to allow him to state that the land taken by the railroad companies was worth $500, and that the other damages to his lands amounted to $1,000.

The judgment is affirmed.