**TEXAS POWER & LIGHT CO. v. JONES et al. (No. 9893.)**

Court of Civil Appeals of Texas. Dallas. March 19, 1927.

Rehearing Denied April 16, 1927.

1. **Eminent domain ☞200—In condemnation proceedings, burden of proof on question of damages rests on owner.**

In proceedings to condemn easement over land for electric power line, burden of proof on question of damages rested on owner.

2. **Eminent domain ☞219—Where pleadings in condemnation proceedings raised only question of damages, court did not err in permitting defendant to open and conclude (Rev. St. 1925, arts. 2180–2183; rule 31 for district and county courts).**

Under Rev. St. 1925, arts. 2180–2183, relating to practice in district and county courts, and rule 31 for district and county courts, where pleadings in condemnation proceedings raised only question of damages for jury, court did not err in permitting defendant to open and conclude.

3. **Eminent domain ☞262(5)—Instruction requiring jury to find reasonable value of defendant's land immediately before and after erection of power line held harmless error as to condemnor.**

In condemnation proceedings, instruction requiring jury to find reasonable market value of defendant's land immediately before and immediately after erection of power line held harmless error as to condemnor, where, under correct instruction that measure of damages was reasonable market value of land actually taken for poles, plus depreciation in market value of remainder, if any, verdict could not have been less, and would probably have been more.

4. **Eminent domain ☞113—Owner could recover as element of damages that power line, for which property was condemned, was unsightly object (Rev. St. 1925, art. 3265).**

In condemnation proceedings for power line, property owner could recover as element of damages that power line, consisting of poles, wires, cross-arms, etc., was an unsightly object that marred beauty of place, under Rev. St. 1925, art. 3265.

5. **Eminent domain ☞262(5)—That defendant's witness stated in jury's presence that condemnor could, after constructing power line, increase burden on land, held not prejudicial error, in view of verdict.**

In condemnation proceedings, permitting defendant's counsel and witness to state, in jury's presence, that plaintiff would have right, after constructing power line, to place larger poles and more wires, thus increasing burden beyond that sought to be condemned by plaintiff, and also that plaintiff built line across other land owned by defendant, and thereafter, without his consent and without compensation, placed additional guy wires to poles, held not prejudicial error, in view of damages awarded.

6. **Evidence ☞543(3)—Resident of vicinity for 40 years, who was familiar with land condemned, held competent to testify regarding market value of land.**

Witness who had resided in vicinity of defendant's land nearly 40 years, who had bought and sold just such land, and who was familiar with land both before and after construction of power line, held competent to testify, in condemnation proceedings, regarding market value of defendant's land before and after taking.

7. **Eminent domain ☞262(5)—Admitting defendant's evidence held not error, where it was cumulative.**

In condemnation proceedings, admitting defendant's evidence held not error, where evidence of like import had been theretofore adduced by plaintiff.

8. **Eminent domain ☞150—$802.50 held not excessive for easement for power line diagonally across 160½ acres of land.**

Verdict for $802.50 for easement for power line, consisting of five frames of two poles each, not to exceed 22 inches in diameter at the ground, 50 feet in length, erected upright, 14 feet apart, diagonally across 160½ acres of land, held not excessive.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Appeal from Rockwall County Court; J. W. Reese, Judge.

Condemnation proceedings by the Texas Power & Light Company against S. T. Jones and another. From the judgment, plaintiff appeals. Affirmed.

Beall, Worsham, Rollins, Burford & Ryburn, and Allen Charlton, all of Dallas, Ed R. Bumpass, of Terrell, and E. D. Foree, of Rockwall, for appellant.-

Henry Wade, of Rockwall, and Wallace & Taylor, of Dallas, for appellees.

LOONEY, J. This appeal is from a judgment in a condemnation proceeding begun by Texas Power & Light Company against S. T. Jones, owner, and · Leslie Jones, tenant. As Leslie Jones owned no interest in the premises, made no appearance in the cause, and was awarded nothing by the commissioners, no further notice will be given his connection with the suit.

The power company proposed to construct and maintain an electric high-power transmission line from the town of Royse, Rockwall county to Trinidad in Henderson county, and began proceedings to condemn an easement over 160½ acres of land belonging to the defendant.

As set out in its statement filed with the county judge, the line was to be located from northwest to southeast across the land, consisting of five frames, of two poles each, not to exceed 22 inches in diameter at the ground, 50 feet in length, erected upright, 14 feet apart, placed 9 feet in the ground, with not exceeding three cross-arms to each frame, 28 feet in length, fastened to the frames at right angles to the direction of the line, not less than 40 feet above the surface of the ground, with not exceeding six metallic wires suspended from frame to frame, attached to the cross-arms, together with such poles, braces, screws, pins, insulators, and other fastenings, appliances, and attachments necessary and proper for fastening the cross-arms to the poles, the wires to the cross-arms, and the poles to the ground.

The county judge appointed commissioners, who assessed $250 damages in favor of defendant. Both parties filed objections, and on trial before a jury in the county court a verdict was rendered in favor of the defendant for $802.50, for which the court entered judgment, and also vested title in appellant to the easement condemned.

1. Appellant complains that the court below erred in permitting defendant to open and conclude in the introduction of evidence and in the argument.

We do not believe this contention can be sustained. Defendant had neither by general nor special denial joined issue with appellant as to its corporate existence or as to its authority or right to have the land condemned for the purposes set forth in its statement filed with the county judge.

[1] Defendant in its answer did attack appellant's petition on the ground: (1) That it failed to show it was authorized to have the right of way condemned; and (2) that it failed to show a necessity for such condemnation, but these exceptions were overruled by the court, and the only issue of fact left for the determination of the jury was the question of damages, and on this the burden of proof rested on the defendant.

[2] In view of this status of the pleading, we are of the opinion that the court did not err in permitting defendant to open and conclude. R. S. arts. 2180–2183, Acts 1925; rule 31 for district and county courts; Smith v. Traders' Nat. Bank, 74 Tex. 541, 12 S. W. 221; City of Rosebud v. Vitek (Tex. Civ. App.) 210 S. W. 728; Engelman v. Anderson (Tex. Civ. App.) 243 S. W. 729.

[3] 2. Appellant insists that the court erred in its main charge and in refusing requested charges on the measure of damages. The court simply required the jury to find the reasonable market value of the defendant's land immediately before, and immediately after, the erection of the power line, and for the difference thus ascertained rendered judgment for defendant.

Appellant contends that the correct measure of the damages was the reasonable market value of the land actually taken for the poles, plus the depreciation in the market value of the remainder, if any. This contention is, in our opinion, in harmony with the statute, but the error committed by the court in this respect was harmless, so far as appellant is concerned. The quantity of land actually taken by the location of the poles was negligible, and its value at the rate per acre found by the jury was of small consequence. If the issue had been submitted as requested by appellant, that is, if the jury had been required to find the market value of the land actually taken separately from the market value of the remainder of the land immediately before and immediately after the taking, the verdict could not have been less than it was, but from the very nature of the submission would have been more. We therefore overrule this assignment.

[4] 3. Appellant further contends that the court erred in overruling its special exception to that portion of the defendant's answer in which he alleged as an element of damages that the power line, consisting of poles, wires, etc., was an unsightly object that marred the beauty of the place. The proposition urged is that a diminution in the value in land from such cause is not a "damage" within the meaning of the Constitution.

We cannot accept this view. The statute contemplates that on a hearing of this kind evidence may be introduced as to all damages which will be sustained by the owner by reason of the condemnation. If it be true, as al-

leged, that the power line with its poles, cross-arms, wires, etc., is an unsightly object, disagreeable or repellant to sight, its presence would naturally have a tendency to affect adversely the market value of the land. Therefore we find no error in the ruling of the court as complained of in this assignment. R. S. Art. 3265 (6518—28), Acts of 1925; Novich v. T. & B. V. R. Co., 45 Tex. Civ. App. 664, 101 S. W. 476.

[5] 4. Appellant also complains of the action of the court in permitting defendant's counsel, Wallace, and the witness Roberts to state in the presence of the jury that appellant would have the right, after the construction of its power line, to place larger poles and more wires, thus increasing the burden beyond that sought to be condemned by appellant, and also in permitting the defendant to testify that appellant built a line across another tract of land belonging to him, and had thereafter, without his consent and without compensation, placed additional guy wires to the poles.

It appears from the bill of exception that, during the progress of a colloquy between the witness Roberts and counsel for both parties touching the law on the point just mentioned, the court was verbally requested by appellant to instruct the jury as to the correct rule, and thereupon the court announced that those matters could be argued to the jury, and that they would get to the law later, and that the jury would be instructed. While we are inclined to the view of the law as expressed by counsel for appellant in this colloquy, that is, where the statement for condemnation outlines the plan or contains representations on which land is condemned, such plan or representations cannot afterwards be departed from, and other or additional burdens imposed on the land without compensation being made therefor by the condemnors (City of San Antonio v. Sullivan, 23 Tex. Civ. App. 658, 57 S. W. 45), yet we fail to discover in the proceedings anything prejudicial to appellant.

The bill as to the testimony of the witness Jones shows that, after the question was raised as to its admissibility, the question was withdrawn by his counsel in the presence of the jury. In this we find nothing prejudicial to appellant. Besides, the record shows that appellant could not have been prejudiced, for the further reason that at least twelve witnesses, including the defendant and the witness Roberts, testified in regard to the depreciation in value of defendant's land by reason of the construction and maintenance of the power line, and the lowest estimate of any witness was $15 per acre. The jury found $5 per acre depreciation. We therefore overrule these assignments. Gulf, etc., R. Co. v. Hume, 87 Tex. 211, 27 S. W. 110; McClelland v. Fallon, 74 Tex. 236, 12 S. W. 60; Loftus v. Maxey, 73 Tex. 242, 246, 11 S. W. 272.

[6] 5. Appellant assigns error on the action of the court in overruling its objection to the testimony of the witness Deaton on the ground that he was not shown to be qualified to express an opinion as to the market value of the defendant's land before and after the taking.

It was shown that this witness had resided in the vicinity of defendant's land for nearly 40 years; that he had bought and sold just such land; and at that time owned 560 acres located north of the defendant's tract; that he was familiar with the land both before and after the construction of the power line across it, and said he knew its market value both before and after the taking. We believe this witness was qualified to express his opinion as to the market value of the land. We therefore overrule this contention.

[7] 6. Appellant's assignment, based on the ruling of the court in admitting the testimony of the witness T. R. Bond, is not well taken, if for no other reason than that evidence of like import had been theretofore adduced by appellant as shown by the testimony of its witness J. T. Persons.

[8] 7. The evidence would have authorized a much larger verdict that was rendered; hence we overrule appellant's contention that the verdict is excessive.

Finding no reversible error, appellant's assignments and propositions are overruled, and the judgment of the trial court is affirmed.

Affirmed.