### THOS. F. LOFTUS ET AL. V. JOHN AND SALLIE MAXEY.

#### No. 2694.

1.   **Joint Trespassers.**—Where the acting together of defendants in a tort is not in dispute it is not error for the court to submit to the jury that they (the defendants) are responsible for the acts of all or either of them or of an employe acting under their authority.

2.   **Testimony Irrelevant.**—One of several defendants was called as witness in their behalf. While on the stand the plaintiff asked the witness whether at a former term of the court at which the defendants had obtained a continuance he had not refused to inform the sheriff of the residence of the absent witnesses. The defendants objected to the question as irrelevant, and the others for the further reason that the act of the witness should not be introduced against them. The objection was overruled, and the witness admitted that he had. *Held,* that the admission of the testimony was error, and especially so as against the other defendants.

3.   **Consenting to a Trespass.**—The agreement securing the right to take the property on failure to pay rent had it been satisfactorily proved would not have been a defense to the action. It could not have the effect of justifying the taking of the property from the possession of Mrs. Maxey without her consent.

APPEAL from Harris. Tried below before Hon. James Masterson.

This is an appeal from a judgment for $350 and costs rendered in favor of John and Sallie Maxey against appellants Thomas and Martin Loftus and Mose Whitely upon a cause of action stated in the petition substantially as follows:

"That about the 12th of August, 1887, Thomas F. Loftus, Martin Loftus, and Mose Whitely did act together and enter by force and violence the home of plaintiffs without their consent, when Sallie Maxey and her daughter were alone and without protection. Having so entered they falsely and maliciously represented Thomas F. Loftus to be an officer, having a legal writ from A. R. Railey, a justice of the peace of Harris County, authorizing said Loftus to enter their said house and take therefrom her bed, bedstead, and pillows. That then and there said Thomas F. Loftus did rudely and violently assault the person of Sallie Maxey, and did thrust her from the door of her bedroom, and did hold threateningly over and about her person for the time of ten minutes a piece or stick of hard wood, capable of producing death by a blow. That whilst

said Loftus did so assault, detain, and restrain of her liberty the said Sallie Maxey, Martin Loftus and Mose Whitely did unlawfully, wickedly, maliciously, and oppressively enter her bedroom, and in a rude and insolent manner throw off the clothing and a large quantity of clean wearing apparel to and upon the floor, and did knowingly and willfully soil them. That during the whole time all the defendants taunted, jeered, and insulted Sallie Maxey both by language and demeanor. That by the violent assault committed upon the person of Sallie Maxey by these defendants, and by the unlawful restraint imposed upon and the violent detention of the person of Sallie Maxey by these defendants, and by the coarse, rude, insolent, and insulting language by the defendants used and addressed to Sallie Maxey, and by the disgustingly coarse, vulgar, and indecent conduct of these defendants toward Sallie Maxey at the time and place aforesaid, she was greatly damaged and injured in her body and mind and suffered great pain therefrom, to her damage and injury in the sum of one thousand dollars."

Judgment was asked for one thousand dollars actual and two thousand exemplary damages.

The defendants pleaded general denial, and specially a consent in writing for the removal of the furniture given by the plaintiff Sallie, who at the time was living apart from her husband John.

The plaintiff Sallie pleaded *non est factum* to the instrument set up in defense. The instrument is as follows:

"Office of Clark & Loftus,
"Houston, Texas, November 29, 1888.

"This agreement certifies that I, Sallie Maxey, have this day rented of Clark & Loftus the following described property, to-wit: One bed, one mattress, one pair pillows, of agreed value of twenty dollars. The sum of two dollars for one week's rent is hereby acknowledged. Said property is to be kept at my residence No. —— Montgomery Street, and not to be removed from there without the consent of Clark & Loftus. I agree to pay said Clark & Loftus one dollar per week rent for the use of said property, and if I should fail to pay the rent when due I do hereby agree to consent for the said Clark & Loftus or their agents to enter my house and take away their said property without any process of law, hereby waiving and renouncing for myself and family any or all rights that we may have for trespass or forcible entry for such an act, according to the laws of the State of Texas under ordinary circumstances.

"Witness my hand and seal this 29th day of November, 1886.
      (Signed)                    "Sallie (her mark) Maxey."

The testimony was conflicting as to the circumstances of the taking, and to the fact whether defendant executed the paper understanding its contents.

The court submitted both actual and exemplary damages to the jury.

The opinion contains a sufficient statement of the testimony and of the charge of the court.

*Henry F. Fisher,* for appellant.—The improper admission or rejection of any evidence, where the case made by the facts is near an even balance between the respective parties, or where the jury may have been influenced thereby, is reversible error.

The court permitted, over the objection of defendants' counsel, the plaintiffs' counsel to ask the defendant T. F. Loftus and compelled him to answer the following question:

"Before this case was called at the last term of the court, did you not refuse to tell Albert Erichson, the deputy sheriff, where defendants' witnesses could be found?"

To which defendants objected because irrelevant. The objection was overruled. Witness answered: "I did." Defendants excepted. Ross v. Kornrumpf, 64 Texas, 390; Cooper v. State, 23 Texas, 331.

2. The independent separate act of any one defendant (where there are several defendants in the suit) done by him after suit brought, and long after the commission of the acts of which plaintiff complains, as against all the codefendants in his petition, is not competent evidence against any of such other codefendants, they nor either of them being present. Bigham & McCall v. Carr, 21 Texas, 147; Tucker v. Hamin, 60 Texas, 171; McKay v. Treadwell et al., 8 Texas, 176; De Garca v. Galvan, 55 Texas, 57; Speake v. White, 14 Texas, 364; Kendall v. Riley, 45 Texas, 26; La Coste v. Bexar Co., 28 Texas, 420; Hinson v. Walker, 65 Texas, 103; Carleton, Clark & Co. v. Baldwin, 27 Texas, 572; 1 Greenl. Ev., sec. 113.

3. In cases of the kind at bar the jury may allow for injury to the feelings as well as to the person, but to go beyond all elements of injury to the plaintiff and give what are literally punitive damages and smart money is not allowable. Fay v. Parker, 53 N. H., 342; Smith v. Pittsburg R. R. Co., 23 Ohio St., 10; Lucas v. Flinn, 35 Iowa, 9; Mooney v. Kennett, 19 Mo., 551; Willis & Bro. v. McNeill, 57 Texas, 479, 480.

4. Where the court has given an erroneous charge or made an erroneous ruling, in the absence of which the finding might have been different, or where the court has materially erred in its charge or rulings, a new trial should be awarded. Hough v. Hill, 47 Texas, 153; Bailey v. Mills, 27 Texas, 434; Chandler v. Fulton, 10 Texas, 22.

*T. E. Conn* and *Sam. H. Brashear,* for appellees.—1. The question complained of was permitted as the court then declared and at the time instructed the jury orally, to lay the predicate to impeach the witness or by his answer to discredit him, and this court judicially knows such instruction of the court but seldom becomes a part of the record. The ob-

ject and propriety of the question is made fully apparent by its language
and his discrediting reply, "I did so refuse," is made equally apparent
by his contradictory oath that he had used due diligence to procure their
attendance.   The Texas authorities cited by appellants have no applica-
tion either directly or indirectly, neither by principle nor analogy.   They
were all cases of illegal testimony affecting the "vital question at issue."

    2.    If there was a demurrer it was not insisted upon, and the charge
of the court is correct, or if erroneous was favorable to the defendants.
G. K. & S. L. R. R. v. Donough, 72 Texas, 108; H. E. & W. T. Ry. Co.
v. Hardy, 61 Texas, 231; Gaston & Thomas v. Dashiell, 55 Texas, 508;
G. H. & S. A. Ry. Co. v. Delahunty, 53 Texas, 212; City of Galveston v.
Morton, 58 Texas, 416; King v. Bremond, 25 Texas, 637.

    Verdict.   Caldwell v. Brown, 43 Texas, 216; Hays v. H. & G. N. R. R.
Co., 46 Texas, 273; T. P. R. R. Co. v. Casey, 52 Texas, 124; G. H. & S.
A. R. R. Co. v. Dunlavy, 56 Texas, 256; City of Galveston v. Morton, 58
Texas, 416; Jones v. Ford, 60 Texas, 130; Stroud v. Palmer, 66 Texas, 129;
Harkey v. Cain, 69 Texas, 152.


    HENRY, ASSOCIATE JUSTICE.—Appellees are husband and wife. They
were plaintiffs in the District Court, and sue for damages, actual and ex-
emplary, alleging in their petition that appellants, Thomas F. Loftus,
Martin H. Loftus, and Mose Whitley, acting in concert, forcibly entered
their house in the absence of the husband and against the will of appel-
lees removed therefrom certain household furniture, at the same time as-
saulting and threatening the said Sallie.

    Defendants pleaded not guilty, and that T. F. Loftus, as a mem-
ber of the firm of Clark & Loftus, had rented the property removed to
Sallie Maxey under a contract in writing, by the terms of which she was
to pay a certain sum each week thenceforth for the use thereof, and under
the further agreement that if she should make default in any payment
Clark & Loftus, or either of them, or their agent, would have the right
to enter her house and take away such articles without resort to law, and
said Sallie expressly waived all rights of action for trespass on account of
such entry and taking.

    Appellants further alleged that appellees had failed to make the
weekly payments and voluntarily gave up the property.   Appellees filed
a plea of non est factum to the written contract.   The jury returned a
verdict in favor of plaintiffs for three hundred and fifty dollars.

    The goods without doubt were taken by the defendants, acting in con-
cert, from the plaintiffs' house.   As to whether Sallie Maxey signed the
contract understandingly or the defendants removed the goods forcibly
and without the consent of Sallie the evidence is too conflicting to be
reconciled.

    There is evidence that the husband was not making his home with his

wife when she obtained the property, and he does not appear to have been present when it was removed. His consent to the removal it seems was not obtained.

It appears that at a previous term of the court the cause was continued on the application of defendants T. F. and M. H. Loftus, sworn to by them, the application being based on the absence of certain witnesses therein named, and stating that a subpœna for said witnesses had been placed in the hands of the sheriff of Harris County for service, and that they (affiants) had used due diligence to procure the attendance of said witnesses.

During the trial T. F. Loftus, being on the stand as witness for himself and co-defendants, was asked by plaintiff's counsel the following question:

"Did you not at the last term of the court refuse to inform the deputy sheriff who had subpœnas where your witnesses in this cause resided or could be found, notwithstanding the fact that one of the witnesses was in your store at the time?"

The witness answered "yes," his objection that the evidence was irrelevant having been overruled.

This ruling of the court and the giving of the following charge are the only errors assigned in accordance with the rules of this court.

The charge objected to reads: "If the proof satisfy you that the defendants, or either of them, or some one acting for them and in their employ and under their command, did take and remove the bed as alleged in the plaintiff's petition, without the consent of Sallie Maxey, and if the manner of defendants, or either of them, in the taking was by threats, or in an insolent, overbearing and insulting manner, done in such a way as would naturally outrage the feelings of plaintiffs, then you will find for plaintiffs for such an amount as you may deem proper and adequate; for if you so find the facts the law allows the jury to affix such an amount as in the opinion of the jury such wrongful acts call for; such damages are called vindictive damages or smart money."

This charge applied to the facts in this case was we think correct.

The court committed error for which the case must be reversed in not excluding the evidence of T. F. Loftus when objected to. Without contesting the proposition that his conduct in not aiding the sheriff to serve the process of the court, issued at his own instance and for his own witness, was reprehensible, and that his affidavit for a continuance following that dereliction was criminal, it still does not follow that the evidence was admissible or proper even against himself in this suit.

Without regard to who the parties are or their guilt or innocence in other transactions, all suits must be tried upon evidence pertinent to the issues made by the pleadings.

The evidence being unquestionably irrelevant it still ought not to lead to a reversal of the cause unless it may have influenced the result. This

party was a material witness in his own behalf—the evidence was directly conflicting. His admission of what he had done was justly calculated to impair confidence in his integrity and truthfulness, and may have had some influence on the verdict, as it doubtless was intended to have by the party offering it.

The evidence bore equally against all three of the defendants while one alone was guilty of the delinquency. The unparticipating defendants unquestionably have the right to complain of its admission, but no greater in the eyes of the law than their codefendant, whose delinquency it was.

We think the charge of the court to the effect that if the instrument alleged to have been executed by Sallie Maxey was genuine, as asserted by defendants, it furnished no justification or defense for the defendants, is correct.

Without such an instrument they had the right to remove the property peaceably and with the consent of the parties having it in lawful possession, while with it they had no right to make such removal forcibly or against the will of plaintiffs.

The judgment is reversed and cause remanded.

*Reversed and remanded.*

Delivered March 8, 1889.