**GULF OIL CORPORATION, Appellant,**

v.

**Lee P. SMITHEY, Appellee.**

**No. 17068.**

Court of Civil Appeals of Texas.

Dallas.

March 1, 1968.

Rehearing Denied April 5, 1968.

William F. Erwin, Jr., Houston, for appellant.

Clifford S. Dillard, Dallas, for appellee.

BATEMAN, Justice.

Gulf Oil Corporation appeals from the overruling of its plea of privilege in a suit brought against it by appellee Lee P. Smithey for damages for alleged trespass and conversion of his personal property. The parties will be designated as they were in the trial court.

Vernon's Ann.Civ.St., Art. 1995, in its first clause provides that a defendant is entitled to be sued in the county of his domicile, subject to the exceptions set forth in the several subdivisions of Art. 1995. Appellee relies on two such exceptions, Nos. 9 and 23. When the defendant files a proper plea of privilege, the law places the burden on the plaintiff to allege and prove that the case falls within one or more of those exceptions. Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91 (1935).

The facts appear to be undisputed. Plaintiff was a tenant of defendant, having rented a service station in Dallas, Texas, from it under a written lease for a term of one year ending April 29, 1967. In a separate written agreement defendant agreed to provide a cost-free inventory of gasoline to plaintiff, and plaintiff agreed to pay therefor after he sold it.

Defendant loaned the sum of $1,240.87 to plaintiff with which he purchased certain equipment and merchandise, and covering which he gave defendant a promissory note and a Security Agreement giving to defendant a security interest in the equipment listed on a schedule attached thereto.

Plaintiff was unable to settle for gasoline he had sold and, after making demand for such settlement, defendant locked the gasoline pumps on April 18, 1967, to prevent further sales. Plaintiff was also in default, both in the payment of rent due and in the payments due on his promissory note. He had been delinquent in his rental payments on two previous occasions; defendant had locked the gasoline pumps and had unlocked them when plaintiff paid the past due rents. On April 24, 1967, defendant's agents re-entered the premises by "picking" the lock on the building, and removed plaintiff's service station equipment to defendant's warehouse. All of this was done in Dallas County. Defendant denies plaintiff's claim that these acts constituted trespass and conversion and says it was only re-entering its own property, plaintiff's right of occupancy having terminated by his failure to pay the rent due

and his abandonment of the premises. Defendant contends that its right to do what it did is secured to it by the following provisions of the lease:

"4 (f). Lessee recognizes that the premises have an intrinsic value as a gasoline service station location and agrees to conduct his business thereon in such manner that its value as such will not depreciate, and in order to accomplish this purpose he will furnish such services and accommodations to retail gasoline customers as are customarily provided by gasoline service stations, including, but not limited to (1) keeping the premises open for operation for such hours and days as are necessary fully to serve and develop the business available, but in no event less than those business hours and days generally observed by competitive service stations in his area * * * (4) providing sufficient qualified and neatly dressed attendants to render first class service to customers, * * *.

"5. The obligations and covenants of Lessee set forth in this lease shall be deemed conditions. Upon any default thereunder, and if such default is not cured within ten (10) days after written notice from Lessor to Lessee specifying such default, or if after notice of any default and cure thereof, Lessee again defaults in the same or similar particulars, * * * or should Lessee cease to operate said premises as an automotive service station, or abandon said premises (abandonment shall be conclusively presumed in any event if the premises are not open and used for the normal conduct of business during any period of sixty (60) consecutive hours), Lessor may without notice immediately terminate this lease and all Lessee's rights hereunder and re-enter and, in any lawful manner, resume possession of said premises, Lessee hereby waiving any claim against Lessor and the benefit of all statutory rights inconsistent herewith. In event of such re-entry, Lessor may buy for its own account, or sell or store for the account of

Lessee, any personal property and stock of Lessee then on said premises and Lessee hereby appoints Lessor his agent for such purpose, and Lessor shall not be liable to Lessee in damages or otherwise for any act or omission of Lessor in regard thereto. * * *."

The Security Agreement provided that upon default in payment of any of the installments due on the note secured thereby the defendant may declare the entire note immediately due and payable without notice and shall thereupon have the right to take possession of the collateral, and for that purpose may enter upon any premises upon which the collateral or any part thereof may be situated and remove the same therefrom.

Subdivision 9 of Art. 1995, V.A.C.S., provides that "a suit based upon a crime, offense, or trespass may be brought in the county where such crime, offense or trespass was committed by the defendant, or by his agent or representative, or in the county where the defendant has his domicile."

Subdivision 23 of Art. 1995, V.A.C.S., provides that "suits against a private corporation, * * * may be brought in the county in which its principal office is situated; or in the county in which the cause of action or part thereof arose; or in the county in which the plaintiff resided at the time the cause of action or part thereof arose, provided such corporation, * * * has an agency or representative in such county; * * *."

Defendant had an "agency or representative" in Dallas County, but contends that neither subdivision is applicable because the evidence did not show the commission by it of any crime, offense or trespass in Dallas County, or that plaintiff has a cause of action against it. It argues that it had the right under the terms of the lease to terminate it and all of plaintiff's rights thereunder, and to re-enter and resume possession of the premises, not only because of the default in the payment of rentals, but also because during the six days between the time of locking the pumps and the time of de-

fendant's repossession of the building the plaintiff did not keep the premises open for the "normal conduct of business" for sixty consecutive hours. For the purpose of this discussion we may assume that the lease and Security Agreement accorded to defendant these rights. But the question then arises as to the propriety of the method by which defendant undertook to enforce such rights. The lease itself provides that defendant shall have the right to resume possession of the premises "in any lawful manner."

■ The provisions in a lease giving the lessor the right to re-enter upon default of the tenant, and those of a security agreement giving a lienholder the right to repossess in event of default, without notice to, or the consent of, the tenant or debtor, and even over his protest, are recognized as valid, *provided such rights are exercised peaceably and without force or violence.* Kuhn v. Palo Duro Corporation, 151 S.W.2d 894, 897 (Tex.Civ.App., Texarkana 1941, reversed on other grounds in Jones v. Kuhn, 139 Tex. 125, 161 S.W.2d 778); Loftus v. Maxey, 73 Tex. 242, 11 S.W. 272 (1889); Singer Mfg. Co. v. Rios, 96 Tex. 174, 71 S.W. 275 (1903); Gillett v. Moody, 54 S.W. 35 (Tex. Civ.App., San Antonio 1899, no writ); Texas Auto Co. v. Clark, 12 S.W.2d 655, 658 (Tex.Civ.App., Waco 1928, no writ); Godwin v. Stanley, 331 S.W.2d 341 (Tex.Civ. App., Amarillo 1959, writ ref'd n. r. e.); Watson v. Hernandez, 374 S.W.2d 326 (Tex.Civ.App., Amarillo 1963, writ dism'd). See also 35 Tex.Jur.2d, Landlord and Tenant, § 81, p. 571. Here, the plaintiff was not present; it was not shown that he even knew the re-entry or repossession were to be attempted, or that he had any knowledge thereof until defendant's agents had already forced their way into the building by picking the lock. Having locked the building, he must be considered as being in possession thereof and of the equipment situated therein. He had not been informed that defendant had declared the lease terminated, if in fact it had done so, or that his right of occupancy was being challenged. We know of no authority, and have been cited to none, directly in point on the facts; but on the rationale of the cases cited above we hold that the entry into the building by picking the lock was not peaceable but was by force and violence, and that the taking of the personal property under those circumstances was by force and violence, which is not permitted by the law. Accordingly, therefore, we also hold that plaintiff carried his burden of showing the applicability of both subdivisions 9 and 23 of Art. 1995, V.A.C.S., and that the defendant's plea of privilege was correctly overruled.

Affirmed.