In re LJC CORPORATION, Debtor.

John J. BOYLE, Plaintiff,

v.

LJC CORPORATION, Defendant.

**Bankruptcy No. 82–00682.**
**Adv. No. 83–0106.**

United States Bankruptcy Court,
District of Columbia.

May 23, 1983.

---

Nelson C. Cohen, Levitan, Ezrin, Wert & Kerxton, Bethesda, Md., for plaintiff.

Philip M. Musolino, Miller, Loewinger & Associates, Washington, D.C., for defendant.

## MEMORANDUM OPINION

*(Complaint from Relief from Automatic Stay)*

ROGER M. WHELAN, Bankruptcy Judge.

■ This adversary proceeding, initiated by complaint for relief from the automatic stay filed by the Plaintiff, LJC Corporation, and the Order of this Court granting relief from the automatic stay dated May 5, 1983,[1]

raise important issues insofar as they relate to the jurisdiction of the Bankruptcy Court to award possession of the debtor's premises to a landlord in connection with a complaint for relief from the stay filed pursuant to § 362 of the Bankruptcy Code. The defendant, a debtor-in-possession in a filed Chapter 11 case as indicated by the caption above, contends that the specific remedy prayed for by the plaintiff, as a landlord/plaintiff in this adversary proceeding, and granted in this Court's Order of the above date, should "... normally be pursued through D.C. Superior Court". The defendant/debtor timely filed a motion for reconsideration of this Court's Order, and the Court must now consider whether or not the award of possession should properly be granted in connection with a complaint filed for relief from the stay, when under ordinary circumstances, such relief would ordinarily be pursued in a state court forum. It is important to note that the plaintiff in the filed adversary proceeding in this Court, was, of course, seeking relief from the stay based on the defendant's failure to comply with requirements of two written lease agreements (Exhibit 2, on the premises at 3403 M Street, N.W., Washington, D.C. and Exhibit 1, on the premises at 3401 M Street, N.W., Washington, D.C.[2]) The same dispute involving the failure to make rental payments and taxes, was also the subject matter of a previously filed Landlord and Tenant proceeding in the D.C. Superior Court (Docket No. L and T 64675–82), which was dismissed by consent of the parties on February 25, 1983. As a result of the dismissal of the aforesaid Landlord and Tenant proceeding, possession of the premises was turned over to the debtor upon the express condition that a certificate of insurance for the subject premises be produced to the satisfaction of the plaintiff.

---

1. As a result of a preliminary hearing conducted in the Bankruptcy Court on April 28, 1983, this Court granted relief from the stay and specifically directed *inter alia:*

   "That possession of the premises located at 3401 and 3403 M Street, N.W., Washington, D.C. be and are restored to the Plaintiff hereby; ..."

2. The lease on the premises at 3403 M Street runs between Jack Boyle, landlord, and Mac's Pipe and Drum, tenant. The lease on the premises at 3401 M Street runs between John J. Boyle, sub-landlord, and LJC Corporation, subtenant.

Subsequently, the plaintiff, as landlord, instituted the complaint for relief from the stay in the United States Bankruptcy Court based upon the fact that no rental payments were made from June 1, 1982, and that the debtor had failed to make substantial tax payments due under the lease as additional rent. The precise issue, therefore, for resolution by this Court based on the defendant's motion for reconsideration, is whether or not the grant of specific relief in this Court's Order of May 5, 1983, was a proper exercise of this Court's jurisdiction under the circumstances of this case, or, whether the stay should be modified so as to permit the plaintiff, John J. Boyle, to pursue his appropriate state court remedy in the Superior Court of the District of Columbia, Civil Division, Landlord and Tenant Branch.[3] For the reasons set forth in this Memorandum Opinion, the Court concludes that, absent extraordinary circumstances warranting the invocation of 11 U.S.C. § 105, this Court should limit its relief to the lifting of the stay and permit the plaintiff to pursue its appropriate state court remedies relating to recovery of the subject premises.

It is clear that in seeking relief from the effects of the automatic stay imposed by § 362(a) of the Code, for cause shown, as more fully defined in § 362(d), the Court shall:

"... grant relief from the stay provided under Subsection (a) of this Section, such as by terminating annulling, modifying, or conditioning such stay—..."[4]

In connection with an adversary proceeding seeking relief from the stay under § 362, where such action involves a secured creditor or landlord, the creditor is usually seeking relief from the legal effect of the automatic stay, which is imposed automatically upon the filing of a petition pursuant to § 301, in order to pursue specific state court remedies in the appropriate forum. In this proceeding, however, the plaintiff specifically prayed in its filed complaint, *inter alia:*

"... That this Court enter an Order lifting the automatic stay of Section 362 and requiring that the debtor and its agents and employees immediately vacate and turn over possession of the premises to the plaintiff".

While the Bankruptcy Court concludes that the granting of such relief is jurisdictionally permissible within the intended parameters of 11 U.S.C. § 105(a),[5] such immediate and direct relief should not ordinarily be granted in the ordinary course of stay litigation, in the absence of extraordinary or compelling equitable circumstances. Stay litigation, by its nature, focuses on the limited issue of adequate protection, or more specifically, the lack thereof, and accordingly the rights of the debtor are limited by this definitional approach. As is clear in numerous cases, and in the legislative history itself relating to § 362, the ability of the

---

3. In connection with this Court's ruling, the failure of the defendant to vacate the premises on May 5, 1983, caused the plaintiff herein to file an Application for Issuance of Order to Show Cause and for Contempt Judgment and a Motion for Appointment of a Trustee, on May 10, 1983. In view of the ruling of this Court as set forth in this Opinion, this Application and the accompanying Motion are now deemed moot.

4. After an expedited trial hearing, conducted as a preliminary hearing on April 28, 1983, and in accord with the time requirements of § 362(e), this Court concluded (*see* Court Order and Findings of Fact and Conclusions of Law, dated May 5, 1983) that relief from the stay was warranted based upon the fact that substantial rental arrears, as well as unpaid taxes required as "additional rent" under the terms of the lease agreement, were not paid to the landlord

for a period of time approaching one year. In addition, this Court further concluded that adequate protection had not been proffered and in view of the financial circumstances surrounding the operation of the debtor's business that such adequate protection was not likely to be tendered, precluding, therefore, an "effective reorganization".

5. 11 U.S.C. § 105 expressly provides as a substantial equivalent to the All Writs Statute, Title 28 U.S.C. § 1651, that:

"(a) The bankruptcy court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title.

(b) Notwithstanding subsection (a) of this section, a bankruptcy court may not appoint a receiver in a case under this title."

debtor to raise other issues, such as counterclaims against the creditor are severely curtailed:

"At the expedited hearing under subsection (e), and at all hearings on relief from the stay, the only issue will be the claim of the creditor and the lack of adequate protection or existence of other cause for relief from the stay. This hearing will not be the appropriate time at which to bring in other issues, such as counterclaims against the creditor on largely unrelated matters. Those counterclaims are not to be handled in the summary fashion that the preliminary hearing under this provision will be. Rather, they will be the subject of more complete proceedings by the trustees to recover property of the estate or to object to the allowance of the claim."

Plaintiff's Memorandum in Support of Motion to Dismiss at 1–2 citing H.R.Rep. No. 595, 95th Cong., 1st Sess. 344 (1977); Cf. S.Rep. No. 989, 95th Cong., 2d Sess. 55 (1978), U.S.Code Cong. & Admin.News 1978, p. 5787, 5841, 6300–6301. See also, In re Groundhog Mountain Corp., 4 C.B.C. 387 (S.D.N.Y.1975). Stay litigation, by its statutory posture, is defensive insofar as the plaintiff is precluded from taking any action, as in this proceeding, against the debtor's property and is compelled to seek relief from the legal effect of that stay.[6] For this reason, the Bankruptcy Court should decline to exercise jurisdiction in such a way that any substantial and underlying rights which the debtor has with respect to that property are not effectively cut off. Applicable to the facts of this proceeding, the granting of relief by directing the turnover of the premises to the landlord effectively forecloses the debtor from litigating any bona fide defenses or asserting any counterclaims that might exist, in the appropriate state court forum.

Furthermore, the state courts, within their statutorily defined limits, create a structured framework for the recovery of real estate by landlords and in connection with most possessory actions, have expressly set up various mechanisms for the protection of tenants' rights. The law itself expressly provides for a grant of a jury trial with reference to such possessory actions.[7] In fact, the jurisdiction of local courts to try and to decide landlord and tenant issues is one largely confined to the state court forum. In Herian v. United States,[8] the late Judge Jones of the United States District Court for the District of Columbia, in a civil action instituted by the United States against tenants and removed to the United States District Court from the Superior Court of the District of Columbia, held:

"When the new Section 45–910 is read in conjunction with the old one, it is clear that the intent of the Court Reform Act is to vest exclusive jurisdiction of all ejectment proceedings in the Superior Court, even those brought by the United States. All mention of the District Court as an available forum was specifically eliminated by the Act. Section 1345 itself provides for original jurisdiction of the District Court of suits brought by the United States '[e]xcept as otherwise provided by Act of Congress'. The new Section 45–910 is just such a provision. It is both more recent and more specific than Section 1345. Moreover, the word 'may' in § 45–910 refers only to the landlord's option of bringing suit for possession, not to an option to bring an ejectment action in any court but the Superior Court."

363 F.Supp. at 289.

The D.C.Code itself, as the legal foundation for the exercise of landlord and tenant rights within the District of Columbia, provides for the specific possessory remedies available, as well as the defenses that may be properly raised by the tenant in connection with such litigation. Among these, pursuant to 16 D.C.Code § 1116, the defendant may raise a claim for the value of

---

**6.** 2 Collier's on Bankruptcy, ¶ 362.08[3] (15th Edition 1982) at 362–54 to 362–55.

**7.** Pernell v. Southall Realty, 416 U.S. 363, 94 S.Ct. 1723, 40 L.Ed.2d 198 (1974).

**8.** 363 F.Supp. 287 (D.D.C.1973).

improvements made to the subject premises. In addition, any action to recover possession of real property is, as noted above, subject to the traditional right to a jury trial. *Pernell v. Southall Realty, supra.*

Stay litigation, on the other hand, by its statutory nature, is not designed, nor was it intended to supplant the rights of litigants to have such important rights determined in an appropriate forum with appropriate safeguards. In fact, if a landlord and tenant proceeding in the D.C. Superior Court were to be removed to this Court pursuant to the removal statute [9] and retained by the Bankruptcy Court, the litigation would, of necessity, proceed in exactly the same manner and with the same attendant rights as in the Superior Court of the District of Columbia forum.[10] In this adversary proceeding, the plaintiff is seeking to compel the restoration of the subject premises to the plaintiff and under the facts of this proceeding, such relief is more properly pursued in the Superior Court of the District of Columbia. While it is undisputed that this procedure results in inevitable delay to the plaintiff, the Supreme Court of the United States in a similar context in *Pernell v. Southall Realty Company,* has stated:

"Some delay, of course, is inherent in any fair minded system of justice. A landlord-tenant dispute, like any other lawsuit, cannot be resolved with due process of law unless both parties have had a fair opportunity to present their cases. Our courts were never intended to serve as rubber stamps for landlords seeking to evict their tenants, but rather to see that justice be done before a man is evicted from his home."

416 U.S. at 385, 94 S.Ct. at 1734.

■ It is clear, therefore, in the absence of determining the landlord's rights to possession within the context of a properly removed proceeding to the Bankruptcy Court, which is not the situation confronting this Court, the remaining corollary issue is whether or not the grant of such relief can be properly decreed by the Bankruptcy Court within the automatic stay litigation as a concomitant of § 105. As a court of law, equity and admiralty,[11] the United States Bankruptcy Court can always issue appropriate orders in enforcement of its jurisdiction and to "carry out the provisions of this Title".[12] The limited and intended usage of § 105 is best explained in *Collier on Bankruptcy:*

"Section 105(a) is a major departure from prior law in that it is in no way circumscribed by possession or custody of a *res.* The basic purpose of the section is to enable the bankruptcy court to do whatever is necessary to aid its jurisdiction, *i.e.* anything arising in or relating to a bankruptcy case.

.  .  .  .  .

While the power may be broad under section 105, the courts should be careful not to abuse it. Section 105 is not without limits. It does not permit the court to ignore, supersede, suspend or even misconstrue the statute itself or the rules. The bankruptcy courts should exercise great care in this regard."

2 *Collier on Bankruptcy,* ¶ 105.02 (15th Edition 1982) at 105–3 to 105–7.

As applied to the facts of this proceeding, the issue appears to be whether or not the Bankruptcy Court is warranted in granting the requested relief (namely, the grant and turnover of the subject premises to the landlord) without permitting the debtor to pursue his defenses and counterclaims in an appropriate state court forum (in this case the Superior Court of the District of Columbia). These defenses and counterclaims were, of course, specifically raised in the pleadings by the defendant in connection with the pending litigation, but by the nature of the expedited hearing conducted in connection with the filed complaint, no evidence (or limited evidence at best) was re-

---

9. 28 U.S.C. § 1478.

10. 28 U.S.C. § 1480 would, for example, expressly protect the litigant's right to a jury trial.

11. 28 U.S.C. § 1481.

12. 11 U.S.C. § 105.

ceived in connection with the counterclaims. This of course is consistent with stay litigation because the issues are limited to adequate protection and how that term is employed in connection with Bankruptcy litigation. While this Court is fully satisfied that the plaintiff has met its burden of proof under the Bankruptcy Code with respect to a grant of relief from the stay, this determination and the accompanying grant of relief should appropriately be confined to a lifting of the stay and not to a judicial determination of all the rights and duties existing between these litigants with respect to the underlying lease agreements. The expedited relief afforded creditors under the Bankruptcy Code should not be read as a short-cut remedy whereby plaintiffs in such litigation will be permitted to eliminate the due process usually afforded litigants in other fora. Section 105 of the Bankruptcy Code, as well as the general powers of this Bankruptcy Court as a court of equity may warrant the Court in granting such relief where appropriate and where such relief is necessary in aid of the Court's jurisdiction.[13] However, here the granting of possession would effectively deprive the debtor of any opportunity of pursuing and asserting appropriate defenses in connection with the filed answer and counterclaim in this proceeding. The District of Columbia Superior Court should be able to proceed on an expedited hearing basis with respect to any action instituted by the plaintiff for possession of the premises. Accordingly, for the reasons set forth in this Opinion, the Court will grant the defendant debtor's motion for reconsideration insofar as that motion relates to this Court's directing the turnover of premises to the plaintiff, and will deny the defendant debtor's motion for reconsideration insofar as any other relief is requested. The defendant debtor's motion for a stay is denied in view of the above ruling and is deemed to be moot. In the event that the plaintiff should elect to pursue a possessory action in the District of Columbia Superior Court to recover possession of the premises, or should such action be decided adversely to the plaintiff with respect to the right to recover such premises, this Court will, on an

---

**13.** In determining whether to grant the plaintiff's relief with respect to recovery of the subject premises, it is important to note that the relief in fact, awarded by reason of this Court's Order of May 5, 1983, exceeds the limits of § 362 which ordinarily envisions

"*terminating, annulling, modifying,* or *conditioning* such stay—"

11 U.S.C. § 362(d) (emphasis added). To award a grant of possession is, in effect, to shortcut state court-created remedies for the enforcement of such rights. While § 105 might justify such relief being granted under extraordinary and compelling reasons (for example abandonment of the subject premises by the debtor, waste or destruction of the subject premises by the defendant, a clear and convincing inability on the part of the defendant to make *any* rental payments or other form of financial restitution and no viable defenses or counterclaims to a pending landlord and tenant action, etc.), the evidence of record in this proceeding establishes the following with respect to whether or not the Court should employ this grant of relief in connection with the pending proceeding, namely:

1. The plaintiff previously filed and pursued its cause of action for recovery of the subject premises in the D.C. Superior Court. *See* L & T 64675–82, Superior Court of the District of Columbia, Civil Division, Landlord and Tenant Branch (suit for possession and past rent due, filed September 14, 1982).

2. The debtor defendant is presently occupying as a debtor-in-possession and pursuant to the terms of a consent order authorizing the operation of the business at the subject location at issue, and is apparently in a position to comply with any court Order directing at least the payment of partial rent.

3. Substantial improvements were made to the subject premises in the Spring months of 1982 by the defendant, and no evidence to the contrary was provided by the plaintiff in connection with the pending adversary proceeding.

4. Possession of the subject premises was turned over to the debtor on March 11, 1983, when a certificate of insurance was produced. *See* paragraphs 24 and 25 in plaintiff's complaint, filed March 17, 1983, in this adversary proceeding.

Based on the finding of these facts in connection with the pending adversary proceeding, it is clear that the Court should not employ an extraordinary remedy, in connection with invoking its jurisdiction pursuant to § 105, in order to shortcut an already existing remedy available to the plaintiff in connection with landlord and tenant actions in the Superior Court in the District of Columbia.

expedited basis and upon the filing of an appropriate motion by the plaintiff, hear the alternate request for relief with respect to assumption or rejection of the lease and the rights of the parties pursuant to § 365 of the Bankruptcy Code. Moreover, in view of the fact that this Court has exclusive jurisdiction over all property of the debtor, including the leasehold interest in question, the Court will direct the payment of rent as an expense of administration from the month of March 1983, in the monthly sum of $2,900.00, plus the pro-rated amount of current real estate taxes due, and will reserve for further ruling, the issue of whether or not rent, as an expense of administration, will be required for the period December, 1982 through March, 1983, when the debtor-in-possession was not in actual possession of the premises. An appropriate Order will be entered on this date in connection with this Memorandum Opinion.