In re Peter T.S. TRANG, Debtor,

Bernard L. LIFSHUTZ and B.F. Pitman, III, Plaintiffs,

v.

Peter T.S. TRANG, Defendant.

Bankruptcy No. 83–00117–L1–5.
Adv. No. 83–0821–L.

United States Bankruptcy Court,
S.D. Texas,
Laredo Division.

Sept. 10, 1985.

Thomas A. Collins, Thomas S. Henderson, Sheinfeld, Maley & Kay, Houston, Tex., for plaintiffs.

Alvin A. Horne, Houston, Tex., for plaintiff, H.Y. Robinson, Sr.

Rhett G. Campbell, Morris & Campbell, Houston, Tex., for defendant, Bruce S. Hinkley.

C.M. Zaffirini, Zaffirini, Cuellar & Castillo, Laredo, Tex., for defendant.

## MEMORANDUM AND ORDER

MANUEL D. LEAL, Bankruptcy Judge.

Pending before this Court is a motion for the continuance of the automatic stay and other relief filed by the debtor, Peter T.S. Trang.

Peter T.S. Trang (hereinafter "Trang") filed a Chapter 11 petition on March 17, 1983. On April 15, 1983, Bernard L. Lifshutz (hereinafter "Lifshutz") and B.F. Pitman III (hereinafter "Pitman") sought to modify the automatic stay to allow them to take the necessary steps to recover certain real property which consisted of the Laredo Travelodge Motel, Restaurant, and Bar (hereinafter the "premises") located in Laredo, Texas. By order entered July 28, 1983, the Honorable E.H. Patton, Jr., denied Trang's petition to keep the automatic stay in effect, holding that the leases had terminated prior to bankruptcy, rendering the automatic stay of § 362 inapplicable. Trang appealed this ruling to the United States District Court and the Honorable George P. Kazen remanded the case since the tapes from the evidentiary hearing held by Judge Patton on this issue had been lost.

At a hearing held before this Court on January 18, 1985, the parties agreed to submit the issues for redetermination based upon stipulations and the evidence presented. For the reasons set forth herein, the motion for continuance of the automatic stay and other relief is DENIED.

## FINDINGS OF FACT

On April 27, 1978, Lifshutz and Pitman (hereinafter the "Lessors") leased the premises to Trang pursuant to two commercial lease agreements. (Stip. Exh. A & B). The lease term was for a period of 20 years with a 10 year option to renew. The debtor took possession of the premises on or about May 1, 1978. The leases provided the following article for termination:

*Defaults.* Lessor may terminate this lease upon the happening of any one of the following events: (a) failure of Lessee to pay an installment of rent then due within fifteen days after notice; (b) failure of Lessee to perform any other covenant of the lease within 30 days after notice; (c) the making by Lessee of an assignment for the benefit of its creditors; (d) the levying of a writ of execution or attachment on or against the property of Lessee if not released or discharged within 30 days thereafter; (e) the institution of the proceedings in a court of competent jurisdiction for the involuntary dissolution of Lessee, or for its adjudication as a bankrupt or insolvent, if such proceedings are not dismissed and any trustee or liquidator appointed therein discharged within 60 days after the institution thereof.

In lieu of terminating said lease upon the happening of any one of said events, Lessor may re-enter the demised premises by summary proceedings or by force or otherwise without being liable for prosecution therefor, take possession of said premises and remove all persons therefrom, and may elect to re-let the premises as agent for the lessee or other-

wise and receive the rent therefor applying the same first to the payment of such expenses as the Lessor may incur in entering and letting and then to the payment of rent payable under this lease and the fulfillment of the Lessee's covenants hereunder, the balance, if any to be paid to the Lessee who shall remain liable for any deficiency. Suit or suits for the recovery of such deficiency or damage may be brought by the Lessor from time to time at the election of the Lessor and nothing herein shall be deemed to require the Lessor to await the date whereon this lease or the demised term would have expired had there been no default by the Lessee. Lessee may terminate this lease upon the failure of Lessor to perform any covenants of this lease within 30 days after written notice.

In February 1981, Trang and the lessors entered into a settlement agreement, the essence of which was that if the lessors obtained reversal and a new trial on an action then pending in the Texas Court of Appeals for the Fourth Supreme Judicial District sitting in San Antonio, Texas, Trang would receive a one-third interest to the premises and the land on which the premises are situated. The Supreme Court of Texas ultimately reversed and rendered judgment for the lessors in that litigation and a new trial was not ordered.

By letter dated October 4, 1982, lessors' attorney sent notice to Trang that Trang was in default under the leases and the leases would terminate in 15 days if the defaults were not cured. (Stip. 5). As of October 23, 1982, Trang had not cured the defaults and was notified by letter that the leases terminated as of that date. Trang then instituted a lawsuit in the 111th District Court of Webb County, Texas seeking to have the leases declared in effect. On March 4, 1983, the court granted summary judgment in favor of Lifshutz and Pitman declaring:

[T]hat each of the April 27, 1978 leases entered into between the parties covering the premises known as the Laredo Travelodge Motel, Restaurant and Bar in Laredo, Webb County, Texas, copies of which leases are attached to Plaintiff's Original Petition, terminated as of October 23, 1982, are no longer of any force or effect, and that plaintiff and counter-defendant, Peter T.S. Trang, has no further right, title or interest in and to the premises by virtue of said leases, or either of them.

and further ordering:

[T]hat plaintiff and counter-defendant Peter T.S. Trang, has no right, title or interest whatsoever in and to that certain tract of land in Laredo, Webb County, Texas, comprising the premises known as the Laredo Travelodge Motel, Restaurant and Bar, more fully described on attached Exhibit "A" attached hereto and incorporated herein as if copied verbatim, and that title thereto be, and the same is hereby declared to be in Bernard Lifshutz and B.F. Pitman, III, defendants and counter-plaintiffs herein, free from any claim whatsoever of Peter T.S. Trang, or any one claiming under him.

On March 17, 1983, Trang filed his bankruptcy petition. On April 15, 1983, Lifshutz and Pitman, filed a complaint to modify stay. On April 29, 1983, Trang requested a hearing on the complaint to modify stay. On May 17, 1983, Lifshutz and Pitman took possession of the premises without judicial process and without Trang's consent. On May 18, 1983, Trang filed a petition for continuance of automatic stay under § 362 and a Temporary Restraining Order. At a hearing held before the Honorable R.F. Wheless, Jr., the Court declined to reinstate possession of the premises without an evidentiary hearing, which was set for June 2, 1983. On June 2, 1983, an evidentiary hearing was held and the Honorable E.H. Patton denied the petition. It is this ruling which the Court must redetermine because the tape of that hearing was misplaced.

Trang argues that the leases are property of the bankruptcy estate and the stay must be reinstated due to the fact that the lessors had not taken all the necessary

steps to terminate the leases, mainly to re-enter the premises or to obtain a final judgment terminating the leases. Since, the leases were allegedly still in effect, the debtor seeks to assume the leases. Trang further asserts a one-third ownership interest in the premises by virtue of the settlement agreement. Alternatively, Trang argues that if the leases had terminated, a new lease agreement was executed by the parties on a napkin, and, that under this napkin agreement, Trang is entitled to the premises.

Lifshutz and Pitman argue that the leases were properly terminated prior to the bankruptcy filing, therefore, Trang had no leasehold or ownership interest in the premises. Therefore, they conclude that the leased property was not property of the estate under 11 U.S.C. § 541, and was not subject to the automatic stay. Lifshutz and Pitman move this Court to deny Trang's motion in all respects.

## CONCLUSIONS OF LAW

### A. Jurisdiction

A fundamental issue in any bankruptcy proceeding is whether the bankruptcy court has jurisdiction to adjudicate a particular controversy. Even though the complaint was filed prior to the adoption of the 1984 Bankruptcy Amendments and Judgeship Act, these Amendments would govern the instant case. Section 122(a) of the Amendments provides:

> Except as otherwise provided in this section, this title and the amendments made by this title shall take effect on the date of the enactment of this Act. (July 10, 1984) Bankruptcy Amendments and Federal Judgeship Act of 1984, Pub.L. No. 98-353

The legislative history is instructive. "Its provisions (the Amendments) should apply to all cases then pending and thereafter filed that are governed by the law. If the amendments do not apply to all other title 11 proceedings then pending, then many title 11 proceedings will be vulnerable to challenge in litigation or on appeal for non-compliance with *Marathon....* Moreover,

immediate application prejudices no one." 130 Cong.Rec.S. 8891 (June 29, 1984) (Statement of Sen. Hatch) *reprinted in* 1984 U.S.Code Cong. & Ad.News 576,605.

Trang asks this Court to reinstate the automatic stay, to grant debtor possession of the premises, to grant him a temporary injunction preventing the lessors from interfering with debtor's possession of the premises, and to allow the debtor to assume the leases in question.

An initial issue presented is whether this Court should classify this litigation as a core or a non-core proceeding. This distinction is crucial for it mandates whether the Court can enter "appropriate orders and judgments," 28 U.S.C. § 157(b)(1) (1984), or must submit proposed findings of fact and conclusions of law to the District Court for *de novo* review. 28 U.S.C. § 157(c)(1) (1984).

28 U.S.C. § 157(b)(2) states:

Core proceedings include, but are not limited to:

(A) matters concerning the administration of the estate;

(G) motions to terminate, annul or modify the automatic stay;

(O) other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship, except personal injury tort or wrongful death claims.

 Whether or not an action is a core or non-core proceeding depends on whether the right sued on arises under the federal bankruptcy law. A debtor has no right to assume an executory contract except under federal bankruptcy law. An action to assume a contract could not, in the absence of a petition in bankruptcy, be brought in state court or United States district court. *Moody v. Amoco Oil Co.,* 734 F.2d 1200, 1208 (7th Cir.) *cert. denied,* — U.S. —, 105 S.Ct. 386, 83 L.Ed.2d 321 (1984); *Seacoast Products, Inc. v. Spring Valley Farms, Inc.,* 34 B.R. 379, 380 (M.D.N.C. 1983). The outcome of this action may be affected by state law, but the 1984 Amend-

ments specifically provide that this is not determinative. 28 U.S.C. § 157(b)(3) (1984). Trang's request to assume the leases is a core proceeding under the 1984 Amendments. *See Aetna Casualty & Surety Co. v. Gamel,* 45 B.R. 345, 347 (N.D.N.Y.1984). (An action to assume an executory contract or lease is a core proceeding.)

■ The issue of continuing the automatic stay is expressly a core proceeding for it relates to modification of the automatic stay as enumerated by Congress in § 157(b)(2)(G). The power of the bankruptcy court to issue a special stay under 11 U.S.C. § 105 also arises under federal law and must be deemed a core matter for the special stay concerns the power of the bankruptcy court to make all orders necessary in administration of the estate.

■ However, the issues pertaining to whether certain documents create contractual rights are non-core proceedings for they do not arise under federal law, but have their basis in state law. As to these aspects of the case, the court is required to submit proposed findings of fact and conclusions of law to the district court for *de novo* review. As such, pursuant to Federal Rule of Civil Procedure 42(b), this Court will sever out these causes of action and submit proposed findings of fact and conclusions of law to the district court in order to obey the mandate which Congress has enacted in the 1984 Amendments.

### B. Trang's Right to Assume the Leases.

This Court has jurisdiction pursuant to 28 U.S.C. § 157(b)(2)(A) for this is a matter which affects the administration of the estate.

The first question presented is whether the leasehold interests are property of the estate so that the debtor can assume the leases. 11 U.S.C. § 541 defines property of the estate, as *inter alia,* "all legal or equitable interests of the debtor in property as of the commencement of the case." The legislative history states that the scope of this paragraph is broad. *Notes of Committee on the Judiciary,* Senate Report 95–989, U.S.Code Cong. & Admin.News

1978, p. 5787. If the leases had been properly terminated, as lessors argue, Trang has no legal interest in the premises. Trang argues the leases had not been properly terminated under Texas law, thereby making it subject to his assumption. This Court will now analyze the relevant Texas law to determine if Trang's contention has merit.

The Supreme Court of Texas has stated: "In construing a lease, it is the Court's task to seek the intention of the parties as that intention is expressed in the lease. The Court will enforce an unambiguous instrument as written; and in the ordinary case, the writing alone will be deemed to express the intention of the parties." *Sun Oil Co. v. Madeley,* 626 S.W.2d 726, 727–28 (Tex.1981); *Rutherford v. Randal,* 593 S.W.2d 949 (Tex.1980). The lease terms govern since Trang does not argue that they are ambiguous.

■ Article X of the lease states that the lessor may terminate the lease upon the happening of any one of five events, including the failure of Trang to pay an installment of rent when due within 15 days after notice. The lease provides that in lieu of terminating the lease upon the occurrence of any of the five events, the lessor *may* re-enter the premises (emphasis added). Nowhere in the lease is re-entry a mandatory requirement for termination. The leases expressly state that "the various rights and remedies accorded to and reserved by either party *shall* not be considered exclusive of any other right or remedy." Lessors followed the procedure for terminating the leases by sending a notice of termination for failure to pay rent on October 4, 1982. On October 19, 1982, when Trang did not pay the rent, the leases terminated.

Trang contends that Texas law requires the lessor to re-enter the premises in order to terminate a lease. However, the cases which Trang cites address divestiture of, or a limitation on, the freehold estate granted and bear little relationship to the termination of a lease. In addition, even if re-entry was necessary to terminate a lease, the requirement was met herein. Case law holds that the institution of a lawsuit to

obtain possession of land is deemed the equivalent of re-entry. *Olivas v. Zambrano,* 543 S.W.2d 180, 182 (Tex.Civ.App.—El Paso 1976); *Etheridge v. City of Dallas,* 246 S.W.2d 692, 694 (Tex.Civ.App.—Waco), *aff'd* 253 S.W.2d 640 (Tex.1952). Thus when Lifshutz and Pitman counterclaimed against Trang in the state court lawsuit pending in Webb County, seeking, *inter alia,* possession, damages and past due rentals, they effectively re-entered the premises. Therefore, Trang has no legal right to the premises under the 1978 leases.

Trang's reliance on *In re Fontainebleau Hotel Corp.,* 515 F.2d 913 (5th Cir.1975) is also misplaced. That case was construing Louisiana law which required a landlord to terminate a lease by judicial process. There is no such requirement in Texas for commercial leases.

Also, Trang's reliance on V.A.T.S. 5236c is misplaced. 5326i sets out the definitions for this article. All of the definitions therein relate to residential dwellings not commercial leases. Therefore, the statute which Trang has cited to the Court is inapplicable. Even if it was, caselaw upholds the provisions in a lease giving the lessor the right to retake possession of the premises upon default of the tenant, provided such rights are exercised peaceably and without force or violence. *Gulf Oil Corp. v. Smithey,* 426 S.W.2d 262, 265 (Tex.Civ.App.—Dallas 1968, writ dism'd); *Loftus v. Maxey,* 73 Tex. 242, 11 S.W. 272 (1889). These cases support the view that judicial process is not required to terminate a lease if the lease provisions provide otherwise. Since Lifshutz and Pitman had taken possession peaceably, there was nothing improper with the termination pursuant to the leases which they effectuated.

■ Although the Court has determined that Trang had no legal interest in the premises at the commencement of the bankruptcy, Trang was in possession of the premises at the time the bankruptcy petition was filed. By definition Trang's possession was a tenancy at sufferance which has been held to be an equitable interest under 11 U.S.C. § 541 which is to be protected by the automatic stay. *In re Max-*

*well,* 40 B.R. 231, 237 (N.D.Ill.1984); *In re GSVC Restaurant Corp.,* 10 B.R. 300, 302 (S.D.N.Y.1980); *In re Darwin,* 22 B.R. 259, 264–65 (Bankr.E.D.N.Y.1982); *In re Mimi's of Atlanta, Inc.,* 5 B.R. 623, 627 (Bankr.N.D.Ga.1980), *aff'd* 11 B.R. 710 (N.D.Ga.1981).

The automatic stay gives only limited and temporary protection to this equitable interest. It will be lifted "for cause" if the debtor cannot satisfy the requirements of § 362(d). *In re Maxwell, supra* at 237; *In re Darwin, supra* at 264–65. Applying the legal principles cited above to the case at bar, debtor filed his Chapter 11 petition on March 17, 1983. On April 15, 1983, Lifshutz and Pitman commenced the instant adversary seeking to modify the automatic stay. Debtor requested a hearing on April 29, 1983. The preliminary hearing was set for June 2, 1983. Counsel took no action to obtain an earlier hearing date. However, on May 17, 1983, Lifshutz and Pitman took possession of the premises. On May 18, 1983, at a hearing held before the Honorable R.F. Wheless, Jr., the Court declined "to reinstate possession of the premises to the debtor without an evidentiary hearing or a preliminary injunction ... at which time the Court may (or may not) reinstate the stay and enter other orders pursuant to 11 U.S.C. § 105. *See Memphis Bank and Trust Co. v. Brooks* [10 B.R. 306], 7 B.C.D. 290 (W.D.Tenn. [1981])." The court in *Brooks* ruled that the stay terminates within 30 days unless the court, after notice and hearing, orders the stay to be continued. This 30 day limit is imposed by Congress in 11 U.S.C. § 362(e). Since there was no preliminary hearing held on or before May 15, 1983, the stay had terminated by operation of law. Thus, Lifshutz and Trang were entitled to retake possession of the premises on May 17, 1983. The equitable interest of Trang was forfeited when a preliminary hearing was not held within 30 days of the filing of the complaint. No attack has been made as to any procedural defects in the motion to lift the stay filed by Lifshutz and Pitman.

■ The Court has determined that the debtor had no legal interest in the premises and the lease had terminated pri-

or to the filing of the bankruptcy petition. It is well settled law that the debtor cannot assume leases that do not exist. Even though Trang had an equitable interest in the premises when the bankruptcy petition was filed, the law is quite clear that "the fact that the automatic stay gives limited and temporary protection to a holdover tenant-debtor, based solely on naked possession, does not mean that there is a viable executory contract which the debtor may assume...." *In re Maxwell, supra* at 237 quoting *Matter of R.R.S. Inc.*, 7 B.R. 870, 872 (Bankr.M.D.Fla.1980). The limited equitable interest of the debtor "has absolutely no bearing on the continued viability of the lease." *Id.* A bankruptcy court does not have the power to resurrect a lease that has terminated prior to the filing of bankruptcy. *In re Maxwell, supra* at 236; *In re Foxfire Inn of Stuart Florida, Inc.*, 30 B.R. 30, 31–32 (Bankr.S.D.Fla.1983); *Matter of DePoy* 29 B.R. 466, 470 (Bankr. N.D.Ind.1983). The Fifth Circuit stated, in a pre-Code bankruptcy case that a "contractual termination provision is unaffected by the filing of a petition in bankruptcy and may be enforced against the trustee or debtor-in possession." *In re Schokbeton Industries, Inc.*, 466 F.2d 171, 176 (5th Cir.1972). This principle has been followed in Code cases. See *In re Anne Cara Oil Co.*, 32 B.R. 643, 647 (Bankr.D.Mass.1983); *In re R.R.S. Inc.*, 7 B.R. 870, 872 (Bankr.M. D.Fla.1980). Therefore, when the leases terminated prior to bankruptcy on October 23, 1982, so did Trang's right to assume the leases. Trang's request must be denied for the "bankruptcy court cannot create an interest for the debtor where none exists." *In re Anne Cara Oil Co., supra* at 647.

Trang also petitioned the Court for a special stay to reinstate the leases pursuant to 11 U.S.C. § 105 which was previously declined. Because the tapes were lost as to this issue, the Court will reconsider Trang's request.

11 U.S.C. § 105 states: "The Court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." This section is an omnibus provision designed so the court can exercise broad power in the administration of a bankruptcy case. 2 *Collier on Bankr.*, § 105.01 at 105–1 (15th ed. 1979). While the power may be broad under § 105, courts should be careful not to abuse it. § 105 is not without limits. *Id.* at 105–7. In the absence of extraordinary or compelling equitable circumstances, the Court should not invoke 11 U.S.C. § 105. *In re LJC Corp.*, 30 B.R. 292, 8 C.B.C.2d 883, 885 (Bankr.D. C.1983). There being no extraordinary circumstances alleged, this Court will not impose a special stay under § 105. Also, no authority has been urged whereby a court has the power to reinstate a stay. Congress created the automatic stay and did not grant courts any power to issue it, only power to continue its effect under certain circumstances.

Having determined that Trang is not entitled to assume the 1978 leases, that reinstitution of the stay is inappropriate, it is therefore ORDERED that the Motion for Continuation of Automatic Stay and Other Relief is DENIED. This constitutes the findings of fact and conclusions of law in accordance with Bankruptcy Rule of Procedure 7052.