**In re GROMYKO, INC., Debtor.**

**Bankruptcy No. 92–11074.**

United States Bankruptcy Court, D. Rhode Island.

June 9, 1992.

Thomas Orr, Newport, R.I., for debtor.

John A. Scungio, Providence, R.I., for John A. Scungio and Teresa D. Scungio.

---

## DECISION AND ORDER

ARTHUR N. VOTOLATO, Jr.,
Bankruptcy Judge.

Before the Court is the Motion of John A. and Teresa D. Scungio, lessors of the Debtor, for Relief from the Automatic Stay in order to continue state court eviction proceedings against the Debtor. At issue is whether the Debtor retained a sufficient legal or equitable interest in the leased premises, as of the date of its bankruptcy filing, which interest may be used in formulating a Chapter 11 plan of reorganization.

## BACKGROUND

On June 1, 1991, Gromyko, Inc. (the "Debtor"), doing business as the Southern Exposure restaurant, entered into a five year lease with the Scungios (lessors) to occupy the first floor premises of the property located at 505 Thames Street, Newport, Rhode Island. During the term of Debtor's tenancy it defaulted in the payment of its lease obligations, incurring a five month arrearage. As a result of the Debtor's defaults, on or about March 6, 1992, the lessors served a demand letter upon the Debtor declaring the lease to be in default and notifying the Debtor that the lease would be terminated as of March 13, 1992. The parties have stipulated that under Rhode Island law, the lease was properly terminated and "the Debtor's property interest in the lease was extinguished on March 13, 1992."

On April 6, 1992, following the noticed termination of the lease, the lessors commenced a state court eviction proceeding in the Second Division District Court for the State of Rhode Island. Three days later, on April 9, 1992, the Debtor filed its Chapter 11 petition in this Court, staying the eviction proceedings. The Debtor continues to occupy the subject premises, despite the acknowledged termination of the lease.

## DISCUSSION

In contesting the instant motion, the Debtor asserts that as a tenant at suffer-

ance it has retained an equitable interest in the leased premises, which interest constitutes an asset of the estate, under Bankruptcy Code § 541. That section provides that property of the estate includes "all legal or equitable interest of the debtor in property as of the commencement of the case".

We agree that as a holdover tenant in physical possession of the premises, the Debtor has an equitable interest in the premises which is considered to be an asset of the estate. We disagree, however, that such a nebulous interest may be the foundation of a plan of reorganization, which in this case includes depriving the owner of possession.

It is well settled that the bankruptcy court does not have the authority to resurrect a lease which has been terminated prior to the filing of bankruptcy. See *Matter of Shelco, Inc.* 107 B.R. 483 (Bankr. D.Del.1989); *In re Trang,* 58 B.R. 183 (Bankr.S.D.Tex.1985); *In re Maxwell,* 40 B.R. 231 (N.D.Ill.1984). Furthermore, the fact that the Debtor possessed an equitable interest in the premises when the bankruptcy petition was filed does not materially advance the Debtor's cause, *i.e.,* " '[t]he fact that the automatic stay gives limited and temporary protection to a holdover tenant-debtor, based solely on naked possession, does not mean that there is a viable executory contract which a debtor may assume....' " *In re Maxwell,* 40 B.R. at 237 (quoting *Matter of R.R.S. Inc.,* 7 B.R. 870, 872 (Bankr.M.D.Fla.1980)).

Here, the Debtor promises that it will cure all deficiencies and provide adequate assurance of future payment, if allowed to assume the terminated lease pursuant to § 365(b). Based upon the legal authority referred to above, which we adopt herein, no such assumption is possible since there is no executory contract for the Debtor to assume.

Instead, we perceive the issue to be whether the lessors have met their burden under § 362(b) to lift the automatic stay,[1]

---

1. Although it is not squarely applicable on the present facts, § 362(b)(10) is relevant to a deter-

and we find that they have. The Debtor's only interest in the property is that of a holdover tenant, and that status entitles the lessors to continue their pre-petition eviction proceedings in the state court. Moreover, although the Debtor made general representations at the hearing with respect to its ability to provide lessors with adequate protection during its holdover tenancy, we do not find such allegations to be supportable or persuasive.

As a final matter, the Debtor requests the Court to exercise its power under 11 U.S.C. § 105(a), to permit the Debtor to stay in possession of the premises during the busy season, and that unless the Debtor is allowed to operate the business during the summer, no viable plan of reorganization is possible. The Debtor also argued at length that the lessors' (alleged) delay in evicting it constitutes a waiver or estoppel, justifying the exercise of this Court's § 105 powers. This argument is flatly rejected since we do not find any waiver to have taken place, but believe instead that the lessors acted timely in enforcing their right to possession.

■ In the absence of extraordinary or compelling equitable circumstances, the Court should not invoke the exceptional provisions of § 105. *See In re Trang,* 58 B.R. at 189. Nowhere in the record are there any such circumstances, particularly where the lessors have met their burden under § 362 for relief from stay.

Accordingly, for all the foregoing reasons, the Scungios' Motion for Relief from Stay is GRANTED.

mination that Debtor's equitable interest is given only limited and temporary protection by the automatic stay. That subsection provides that the automatic stay does not *even* apply to "any act by a lessor to the debtor under a lease of nonresidential real property that has terminated

by the expiration of the stated term of the lease before the commencement of or during a case under this title to obtain possession of such property." 11 U.S.C. § 362(b)(10). *See also In re Neville,* 118 B.R. 14 (Bankr.E.D.N.Y.1990).